IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | |
| | : | |
| v | : | CASE NO. |
| | : | |
| **ONE 2004 HUMMER H-2,** | : | |
| **VIN: 5GRGN23U84H104431,** | : | |
| Defendant Property. | : | |
| _____ | : | |

### VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW, Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, brings this complaint and alleges as follows:

### *Nature of the Action*

1.   This is a civil action *in rem* brought pursuant to 18 U.S.C. § 981, to forfeit and condemn to the use and benefit of the United States of America certain personal property, to wit: one 2004 Hummer H-2, VIN: 5GRGN23U84H104431 (hereinafter "Defendant Property").

### *Jurisdiction and Venue*

2.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1345 and 1355.

3.   Venue is proper in this District pursuant to 28 U.S.C. § 1395, because the Defendant Property was seized in Baldwin County, Georgia, which is a place within the Middle District of Georgia.

4.   The seizure was made by the United States Department of Justice, Drug Enforcement Administration ("DEA"), which began administrative forfeiture proceedings. On or about June 2, 2006, Derrick B. Jackson, through his counsel, Bernard S. Brody, Esquire, 101 Marietta Street, Suite 3300, Atlanta, Georgia, 30303, filed a claim with the DEA, after which DEA referred the matter to the United States Attorney for the Middle District of Georgia.

### *Factual Allegations*

5.   Law enforcement officers, with the aid of undercover agents, and a Confidential Source, ("CS") initiated an investigation of Derrick B. Jackson ("Jackson").

6.   As directed by law enforcement officers, the CS met with Jackson on five separate occasions from April 19, 2005 through June 25, 2005 to ascertain if Jackson would agree to launder money associated with drug proceeds.  A recording device was utilized to document the meetings between Jackson and the CS.

7.   During these meetings, Jackson agreed to assist the CS in laundering $200,000.00 in drug proceeds, and provided the following information:

   a.   that the CS should not deal with local bankers;

   b.   that the best way to launder money is by transferring it through several corporations, and that he would assist the CS in opening up these corporations;

   c.   he guaranteed that his ability to prepare fraudulent invoices would be sufficient in covering up the income deposited into these corporation accounts, and would negate tax liabilities;

   d.   that he was stealing $20,000.00 - $40.000.00 a week from the IRS; and

      e.      that he was stealing from the IRS so that he could pay for his expensive cars and his house.

8. Based upon the results of the investigation and undercover operation, on November 16, 2005, Jackson was indicted for money laundering, in violation of Title 18, United States Code, Section, 1956, and Title 18, United States Code, Section 2. This matter is currently pending in the District Court, Middle District of Georgia, Case Number 5:05-CR-00098-WDO.

9. After Jackson was arrested, he posted bond, but failed to appear for court. As a result, on February 27, 2006, an arrest warrant was issued for Jackson.

10. On March 4, 2006, Jackson purchased a 2004 Hummer H-2, VIN: 5GRGN23U84H104431, from Ken Stepp at Southeast Financial Funding Corporation. Jackson paid $37,700.00 in cash for the vehicle.

11. Based on the fact that Jackson paid for the vehicle in cash, Stepp became suspicious of the nature of the transaction and called the Gwinnett County Police Department. The U.S. Marshals Service, Georgia Bureau of Investigation ("GBI"), and the Milledgeville Police Department ("MPD") were subsequently notified.

12. On March 20, 2006, Officer Henderson of the MPD initiated a stop on a 2004 Hummer H-2 for a traffic violation. Jackson's wife Latrece Ross, was driving the vehicle, and her sister, Shenita Simmons was in the front seat passenger side. During the traffic stop, Ross was in contact with Jackson via cellular telephone.

13. Law enforcement officers located and arrested Jackson at the Best Western in Milledgeville, Georgia, due to his outstanding arrest warrant.

14.     A criminal history records check of Jackson revealed that he has had prior arrests and convictions for narcotics violations.

15.     Additional facts and circumstances supporting the probable cause for the seizure and forfeiture of the Defendant Property is set forth in the affidavit of Special Agent Hubert Jordan, United States Drug Enforcement Administration, which is attached hereto and made a part hereof.

### *Conclusion*

16.     Based on the foregoing, probable cause exists to believe that the Defendant Property constitutes property involved in or traceable to property involved in a transaction in violation of Title 18, United States Code, Section 1956, and is therefore subject to forfeiture pursuant to 18 U.S.C. § 981.

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Property; that due notice be given to all parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED, August 30, 2006.

          MAXWELL WOOD
          UNITED STATES ATTORNEY

    By:  s/DONALD L. JOHSTONO
       ASSISTANT UNITED STATES ATTORNEY
       Georgia State Bar No.:  397015
       Post Office Box 1702
       Macon, Georgia 31202-1702
       Telephone:   (478) 621-2700
       Facsimile:     (478) 621-2737